O’Neill, J.,
dissenting.
{¶ 89} I join Chief Justice O’Connor’s well-written dissent.
{¶ 90} I write separately to clarify what happens next. It is beyond dispute that there are at least two courts that can have exclusive jurisdiction over events that may occur in the fragile life of any child in Ohio. The juvenile court has exclusive jurisdiction over abuse, neglect, or dependency, and the probate court has exclusive jurisdiction should someone file a petition to adopt the child.
{¶ 91} No one disputes that when there is even a suggestion of abuse, neglect, or dependency, the juvenile court has not only the right but the duty to step in. At that point, the juvenile court’s exclusive jurisdiction—to immediately take charge of the situation and to protect the child from whatever dangers exist—is triggered. That is what happened here. A drug-exposed child was born and a children-services agency, exercising its statutory authority, immediately stepped in to protect the child. At birth. As we said in In re Adoption of Asente, “once a *251 court of competent jurisdiction has begun the task of deciding the long-term fate of a child, all other courts are to refrain from exercising jurisdiction over that matter.” 90 Ohio St.3d 91, 92, 734 N.E.2d 1224 (2000). Had someone instead filed an adoption petition at birth in this matter, indeed the same result would have followed. The probate court would then have exercised its exclusive jurisdiction, and all others in the free world would have been required to acquiesce in the probate court’s exclusive jurisdiction. Id. at 104. In this case, the child was placed in the Andersons’ home pursuant to an ex parte emergency-custody order of the Allen County Juvenile Court on August 7, 2014, two weeks after the child’s birth. On March 31, 2016, the Andersons filed a petition to adopt their foster child in Mercer County, where they lived. It is readily apparent that at the time the adoption petition was filed in a foreign county, the Allen County Juvenile Court was clearly exercising its exclusive jurisdiction to guarantee the safety and long-term stability of the child.
{¶ 92} At its core, that was the basis of the peremptory writ that we issued on June 1, 2016. We instructed the Mercer County Probate Court to refrain from acting until further notice, not forever. Just stop for now, and let the first court figure out what is happening here. Common sense, case precedents, and the statutory framework clearly support what this court did on an interim basis.
{¶ 93} Nowhere in our entry issuing the writ did we question the jurisdiction, wisdom, or motives of the Mercer County Probate Court. However, it is preposterous to even suggest that the birth mother, having first exposed her newborn to cocaine, would have the temerity on her own to wander across county lines and attempt to consent to her child being put up for adoption. Once the juvenile court and the Allen County Children Services Board (“the Agency”) became aware of the peril this child was in from the actions of this mother, they immediately commenced their statutorily mandated job of finding a safe home for this child.
{¶ 94} I write separately because I believe the majority does not adequately address the following salient facts, which are undisputed:
1. The mother is not the custodial parent of this child today.
2. The Agency had temporary legal custody of the child at the time we issued the peremptory writ.
3. The Agency was not named as a party in the Mercer County Probate Court’s order for adoptive placement. •
4. This child is a resident of Allen County, Ohio, living in Indiana. That is a fact that all the pleadings in the world will not change.
*252 Juergen A. Waldick, Allen County Prosecuting Attorney, and Terri L. Kohl-rieser, Assistant Prosecuting Attorney, for relator.
Matthew K. Fox, Mercer County Prosecuting Attorney, and Amy B. Ikerd and Andrew J. Hinders, Assistant Prosecuting Attorneys, for respondents.
David W. Haverfield, urging denial of the motion for reconsideration for amicus curiae, Public Children Services of Ohio.
{¶ 95} On June 1, 2016, this court granted the peremptory writ of prohibition. 146 Ohio St.3d 1404, 2016-Ohio-3255, 50 N.E.3d 571. The Allen County Juvenile Court’s temporary-custody order was set to expire by operation of law on August 8, 2016, at which time the exclusive jurisdiction of the juvenile court would have ended. With that statutory milestone crossed, that court still has continuing jurisdiction not inconsistent with the probate court’s exclusive jurisdiction over any adoption that has been or will be filed. R.C. 2151.353(F)(1).
{¶ 96} As Chief Justice O’Connor points out, respondents, the Mercer County Probate Court and its judges, have offered no new fact or legal argument to warrant reconsideration. We got this case right the first time. A motion for reconsideration is not the vehicle by which a party should be permitted to reargue earlier positions. The motion to reconsider should be denied.
{¶ 97} I dissent.
O’Connor, C.J., concurs in the foregoing opinion.